UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Carrington Mortgage Services, LLC,					Case No. 3:17-cv-02141

    Plaintiff

v.													ORDER OF REMAND


Lois Ford, et al.,

    Defendants


**BACKGROUND AND HISTORY**

*Pro se* Defendant Lois Ford removed this foreclosure action from the Lucas County Court of Common Pleas. Plaintiff filed an Objection to Removal (Doc. No. 4) and asks this Court to remand the case back to state court.

Plaintiff filed the foreclosure action in state court on March 20, 2017. Defendant was served with the Summons and Complaint on March 22, 2017. She filed an answer, *pro se*, on March 27, 2017, but did not serve it on the Plaintiff so it was stricken from the record on May 4, 2017. Plaintiff filed a Motion for Default Judgment and Motion for Summary Judgment on August 17, 2017. Defendant did not respond to the Motion for Summary Judgment and the court granted the Motion on September 25, 2017. Defendant filed the Notice of Removal to this federal court on October 10, 2017. Plaintiff contends the case is not subject to removal because as it does not present a basis for federal court subject matter jurisdiction, and because removal is untimely.

## STANDARD FOR REMOVAL

A Defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Notice of Removal of a civil action or proceeding must be filed within thirty days after the receipt by the Defendant through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446 (b). Moreover, when the action is removed under § 1441(a), all of the Defendants who have been properly served must join in the removal or consent to it. 28 U.S.C. § 1446(b)(2)(A). Finally, where diversity of citizenship is the basis for removal, the case cannot be removed from state court if any of the Defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

## ANALYSIS

This case is not subject to removal. First, there is no basis for federal court jurisdiction. The Complaint asserts only a state law cause of action for foreclosure. While Defendant attempts to assert federal claims in her Petition for Removal, federal question jurisdiction under 28 U.S.C. § 1331 is proper "only when a federal question is presented on the face of the Plaintiff's properly pleaded Complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal counterclaims and defenses do not establish federal question jurisdiction for purposes of removal. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counter-claim—which appears as part of the Defendant's Answer, not as part of the Plaintiff's Complaint—cannot serve as the basis for 'arising under' jurisdiction."). Removal cannot be based on diversity of citizenship. Although the Plaintiff appears to be a resident of California, one of the other Defendants, Shearson Lehman Hutton Mortgage Corporation, is also listed as a resident of California. Diversity of citizenship is not complete. Moreover, where diversity

of citizenship is the basis for removal, the case cannot be removed from state court if any of the Defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). Defendant Ford, the party seeking removal, is a resident of Ohio. This case was not properly removed to federal court.

## CONCLUSION

Therefore, this action is remanded to the Lucas County Court of Common Pleas.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge